IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RICHARD DANIEL SULLIVAN                                    PETITIONER

v.                                        CIVIL ACTION NO. 1:17-cv-132-LG-JCG

STATE OF MISSISSIPPI and
PELICIA HALL                                              RESPONDENTS

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Motion to Dismiss Petition for Writ of Habeas Corpus for Failure to Exhaust (ECF No. 13) filed by Respondent Pelicia Hall. The Motion seeks dismissal of Richard Daniel Sullivan's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, based on Petitioner's failure to first exhaust his claims in state court. Following the issuance of an Order to Show Cause (ECF No. 15), Petitioner filed a Response (ECF No. 17), which reargues the merits of the claims in his Petition, but does not address the arguments in Respondent's Motion. Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned recommends that Respondent's Motion to Dismiss (ECF No. 13) be granted and that the Petition be dismissed for Petitioner's failure to first exhaust his claims in state court.

## I. BACKGROUND

Petitioner Richard Daniel Sullivan pleaded guilty to two counts of non-residential burglary in the Second Judicial District of the Circuit Court of Harrison County, Mississippi on August 8, 2016. *See* Resp. Mot. to Dismiss, Ex. A (ECF No. 13-1). He was sentenced to concurrent terms of seven years in the custody of the

Mississippi Department of Corrections ("MDOC"), with three suspended and four to serve.[1] *Id.* On April 28, 2017, Sullivan filed his Petition for Writ of Habeas Corpus (ECF No. 1), pursuant to 28 U.S.C. § 2254, in this court. At the Court's direction, he supplemented his Petition on June 7, 2017. *See* Amend. Pet. (ECF No. 9). His Amended Petition raises three grounds for relief.

Ground One: Petitioner was denied due process because he was arrested without a warrant and detained for five days before appearing before a judge.

Ground Two: Petitioner was subjected to double jeopardy because he was indicted twice on the same charges – once in November 2015 and, again, in April 2016.

Ground Three: Petitioner was provided with ineffective assistance of counsel because his attorney, Charlie Stewart, (1) did not file any motions on his behalf, (2) told Petitioner that he could be indicted twice for the same offense, and (3) told Petitioner that no right to a speedy trial exists in Mississippi.

Amend. Pet. (ECF No. 9, at 5-8).

On June 28, 2017, Respondent Pelicia Hall[2] filed the instant Motion to Dismiss (ECF No. 13), which argues that the Petition should be dismissed because Sullivan failed to exhaust his claims through available state court remedies. Respondent maintains that "Sullivan has not filed an[sic] motions for post-

---

[1] Sullivan was released on parole on May 15, 2017. *See* Resp. Mot. to Dismiss, Ex. H (ECF No. 13-8). His tentative discharge date onto supervised release is November 22, 2018. *See id.*

[2] Sullivan named the State of Mississippi as respondent to his Petition, but the undersigned substituted Pelicia Hall, the Commissioner of MDOC, as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Court. Order Directing Resp. to Ans. (ECF No. 10).

conviction relief since the entry of his guilty plea challenging the convictions and sentences at issue in the instant petition." Mot. to Dismiss (ECF No. 13, at 3). Sullivan's Response (ECF No. 17) does not address the arguments in Respondent's Motion, but he affirmatively asserts in his Amended Petition that he exhausted his claims by having filed a "pre-conviction" Petition for Writ of Habeas Corpus in state court on October 25, 2015. Amend. Pet. (ECF No. 9, at 5, 9).

By Sullivan's own telling of the procedural history behind his claims, he was arrested by the Jackson County Sheriff's Department on June 17, 2015, he "filed a habeas corpus in preconviction in this case on October 25, 2015," and he was convicted of the charges for which he was arrested on August 8, 2016. Amend. Pet. (ECF No. 9, at 1, 5). Exhibits attached to Respondent's Motion to Dismiss – which include the Petition for Habeas Corpus in Preconviction (ECF No. 13-3) filed in state court, the Circuit Court of Harrison County, Mississippi's order denying that petition (ECF No. 13-4), and the Mississippi Supreme Court's orders dismissing the appeal of the Circuit's order initially (ECF No. 13-5) and again on motion for rehearing (ECF No. 13-6) – largely corroborate this timeline.

Sullivan filed his state court habeas corpus petition in the Circuit Court of Harrison County, Mississippi on October 19, 2015. *See* State Court Pet. (ECF No. 13-3). In his state court petition, Sullivan argued that his detention was unlawful under the Fourteenth Amendment to the United States Constitution because (1) he was arrested without a warrant, (2) the state had not established probable cause to arrest him (3) he was not Mirandized when arrested, (4) he waited five days for his

initial appearance, (5) "statements made at the end of preliminary hearing," (6) his court-appointed attorney was providing ineffective assistance of counsel, and (7) the State's allegations against him did not establish all essential elements of the crimes with which was charged. *Id.* at 2.

The Circuit Court issued an Order on May 27, 2016 denying Sullivan's habeas corpus petition. Cir. Court Order (ECF No. 13-4). The court noted that Sullivan was arrested on June 11, 2015, released on bond the next day, and again arrested on June 17, 2015. *Id.* at 1. Although each arrest resulted in a separate indictment on five counts of burglary, neither indictment existed at the time Sullivan filed his habeas corpus petition on October 19, 2015. *Id.* However, Sullivan was not released on bond following his second arrest "due to the arresting authority's knowledge of an existing hold by the Jackson County, Mississippi Sheriff's Department." *Id.* Sullivan says that he was indicted first in November 2015 and then again in April 2016. Amend. Pet. (ECF No. 9, at 7).

The Circuit Court cited Mississippi Supreme Court law that "[t]he petitioner in a habeas corpus cause may not use it to challenge an indictment or have an indictment dismissed; they may only request reasonable bail," and dismissed Sullivan's petition because "the allegations [as to why his arrest was unlawful] are not properly raised in a habeas corpus petition post-arraignment and post-indictment." Cir. Court. Order (ECF No. 13-4, at 2) (citing *Street v. State*, 43 Miss. 1, 30 (Miss. 1870); *Smith v. Banks*, 2012-CA-01850-SCT (¶¶9-10), 134 So. 3d 715, 719

(Miss. 2014)). "Further," said the court, "Sullivan is not entitled to bail due to the outstanding hold by another agency." *Id.*

Sullivan appealed the Circuit Court's dismissal of his habeas corpus petition to the Mississippi Supreme Court. The Mississippi Supreme Court dismissed both his appeal and a Petition for Writ of Mandamus that he had also apparently filed, without discussion, on February 8, 2017. Miss. Sup. Ct. Initial Order (ECF No. 13-5). Sullivan thereafter filed a Motion for Rehearing, which the Mississippi Supreme Court denied without discussion on April 4, 2017. Miss. Sup. Ct. Rehear. Order (ECF No. 13-6).

## II. DISCUSSION

### A. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") – which governs habeas petitions filed by state court prisoners – requires that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009). In order to satisfy this exhaustion requirement, a petitioner "must 'fairly present[ ]' his legal claim to the highest state court in a procedurally proper manner" such that the state courts are "apprised of the constitutional foundation of the claim." *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) (citations omitted). "It is not enough that all the facts necessary to support the federal claim were before the state courts

or that a somewhat similar state-law claim was made." *Id.* (citations and internal quotation marks omitted). "Fair presentation does not entertain presenting claims 'for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor.'" *Carty*, 583 F.3d at 254 (quoting *Castille v. Peoples,* 489 U.S. 346, 351 (1989)).

    B. <u>Analysis</u>

    The undersigned is of the opinion that Sullivan has not exhausted available state court remedies because he has not fairly presented his claims to the Mississippi Supreme Court in a procedurally proper manner. Accordingly, Respondent's Motion to Dismiss (ECF No. 13) should be granted, and Sullivan's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 should be dismissed.

    Under clearly established Mississippi Law,

> State and federal constitutional issues such as defendant's right to a speedy trial, evidentiary issues such as whether or not confessions are admissible in evidence, and issues as to guilt or innocence, are issues to be determined by the trial court that has jurisdiction to try the charge against the prisoner, and not the habeas corpus court. The function of the habeas corpus court in Mississippi in criminal cases is to release a prisoner who is being unlawfully held or to grant him a bail bond which he can make. A habeas corpus writ cannot be used as a collateral method to prevent a trial on an indictment in this state, nor can the writ be used as a postconviction remedy, or a method of appeal out of time.

*Keller v. Romero*, 303 So. 2d 481, 482 (Miss. 1974). These circumstances make clear that a Mississippi habeas court is without authority to discharge a defendant once a defendant in a criminal case has been indicted. *Smith*, 134 So. 3d at 719. Because

Sullivan had already been indicted by the time the Circuit Court issued its order on his habeas petition, the Circuit Court was limited to viewing Sullivan's habeas corpus petition "only as a request for bail." *Id.*

Sullivan presented his claims to the Circuit Court – and therefore also to the Mississippi Supreme Court – in a context in which the merits of his claims could not be considered. *See Rollins v. Superior Court of Los Angeles*, 706 F. Supp. 2d 1008, 1012 (C.D. Cal. 2010) ("[B]ecause all four state petitions were filed before Petitioner was convicted, Petitioner never presented his claims in the context of a convicted criminal defendant challenging a judgment."). State habeas review was limited to the issue of bail pending trial, which is not (and cannot properly be) before the Court in Sullivan's § 2254 petition. Raising claims "for the first and only time in a procedural context in which [their] merits will not be considered" does not constitute fair presentation. *Castille*, 489 U.S. at 351; *see also Pitchess v. Davis,* 421 U.S. 482 (1975) (holding that motions to the California Court of Appeal and the California Supreme Court for a pre-trial writ of prohibition did not exhaust state remedies); *Ex parte Hawk,* 321 U.S. 114 (1944) (holding that an application to the Nebraska Supreme Court for an original writ of habeas corpus did not exhaust state remedies); *Deyarmett v. Miss. Dep't of Corr.*, No. 1:15CV165-LG-RHW, 2016 WL 660935, at *2 (S.D. Miss. Feb. 18, 2016) (holding that raising issues for the first time in a petition for certiorari to the Mississippi Supreme Court did not exhaust state remedies). Accordingly, the undersigned concludes that Sullivan's "preconviction" habeas petition fails to satisfy §2254(b)(1)'s requirement that he

first exhaust available state court remedies before seeking federal post-conviction relief.

  Sullivan does not dispute Respondent's assertion that Sullivan has not filed a motion for post-conviction relief since the entry of his guilty plea on two burglary charges. Given that Sullivan has failed to fairly present any of the claims in the instant § 2254 petition to the Mississippi Supreme Court, the Court cannot entertain the claims in his Petition.

  Having determined that Sullivan failed to exhaust the claims in his Petition, the Court must next turn to the issue of whether Sullivan's Petition should be dismissed without prejudice or stayed. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). The United States Supreme Court counsels that, "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* Sullivan has not presented circumstances that constitute good cause for his failure to first exhaust state court remedies. The Circuit Court's opinion dismissing his habeas petition should have made clear to Sullivan that it was not in a position consider the merits of his petition, yet he neither appealed his conviction nor sought post-conviction relief in state court. Moreover, it appears that Sullivan will not be prejudiced by dismissal of his Petition because he may still timely file for post-conviction relief in the Mississippi state courts pursuant to the Mississippi Uniform

Post-Conviction Collateral Relief Act, Miss. Code. Ann. §§ 99-39-1, -29. Sullivan's

Petition should therefore be dismissed without prejudice.

## III. <u>RECOMMENDATION</u>

Based on the foregoing reasons, the undersigned recommends that

Respondent Pelicia Hall's Motion to Dismiss (ECF No. 13) be granted and that

Petitioner Richard Sullivan's Petition (ECF No. 1) be dismissed for failure to first

exhaust his claims in state court

## IV. <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and
> recommendations, each party has fourteen days to serve
> and file written objections to the report and
> recommendations. A party must file objections with the
> clerk of court and serve them upon the other parties and
> submit them to the assigned district judge. Within seven
> days of service of the objection, the opposing party or
> parties must either serve and file a response or notify the
> district judge that they do not intend to respond to the
> objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and

recommendations to which he objects. The District Judge need not consider

frivolous, conclusive, or general objections. A party who fails to file written

objections to the proposed findings, conclusions, and recommendations shall be

barred, except upon grounds of plain error, from attacking on appeal any proposed

factual finding or legal conclusion adopted by the Court to which he did not object.

*Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

The Clerk of Court is directed to mail this Report and Recommendation to Plaintiff via USPS certified mail.

**SIGNED**, this the 10th day of January, 2018.

*s/ John C. Gargiulo*

JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE